IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| DEVIN ESPINOZA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER TRANSFERRING SUCCESSIVE § 2255 PETITION<br><br><br><br>Case No. 2:05-CR-217 TS |

Petitioner moves to alter or amend the Court's November 16, 2007 Memorandum Decision and Order Denying his § 2255 Petition.

As an initial matter, the Court notes that the Motion was properly certified under penalty of perjury to have been deposited in the prison mail system on December 3, 2007.[1] Under the "prison mailbox rule"[2] the petition is therefore treated as filed on that date.[3]

---

[1] Docket No. 17, at 23.

[2] Rule 3(d), Rules Governing § 2255 Cases.

[3] *Id.*; *Price v. Philpot*, 420 F.3d 1158, 1164-66 (10th Cir. 2005) (explaining the prison mailbox rule as found in Fed. R. App.P. 4(c)(1) and 25(c); and habeas rules and applying same rule to a prisoner's filing of a complaint under § 1983).

1

Accordingly, the Court finds that it is timely filed as a Motion to Alter or Amend Judgment under Fed. R. Civ. P. 59(e).

The Court then must determine if it is a "second or successive" motion under § 2255. If it is, the Court may not address the Motion but must, instead, transfer it to the Circuit Court for certification.[4]

Under the Supreme Court case *Gonzalez v. Crosby*,[5] "a Rule 60(b) motion in a § 2254 case must be treated as a successive habeas petition if it "assert[s] or reassert[s] claims of error in the movant's" conviction. The Tenth Circuit has held that the *Gonzalez* analysis applies equally to § 2255 cases.[6] The Tenth Circuit has explained *Gonzalez* as follows:

> A Rule 60(b) motion is a second or successive § 2255 motion under *Gonzalez* if, in substance or effect, it asserts or reasserts a federal basis for relief from the sentence imposed. On the other hand, a "true" Rule 60(b) motion is one that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." As we have interpreted *Gonzalez*, a true Rule 60(b) motion is one that challenges either (1) a procedural ruling that precluded a determination on the merits of the underlying habeas petition, or (2) a defect in the integrity of the proceedings in the federal district court that does not inextricably lead to an attack on a merits-based resolution of the underlying habeas petition.[7]

---

[4]28 U.S.C. § 2255 ¶ 8.

[5]545 U.S. 524 (2005).

[6]*United States v. Nelson*, 465 F.3d 1145, 1147-48 (10th Cir. 2006).

[7]*United States v. Marizcales-Delgadillo,* 243 Fed. Appx. 435, 437-38 (10th Cir. 2007) (quoting *Gonzalez*, 545 U.S. at 538, 532) (other citations omitted).

This reasoning applies equally to a Rule 59(e) Motion: "To the extent that the Rule 59(e) motion presented substantive argument reasserting a federal basis for relief from his underlying conviction, the district court should have transferred the motion to [the circuit] court as an additional request to file a second § 2255 motion."[8]

The Court finds that its prior Order did rule on the merits of petitioner's habeas claims, and that the present Motion reasserts the same substantive ineffective assistance of counsel claim that Petitioner asserted in his § 2255 petition.  Petitioner cannot avoid the effect of the successive petition rule by asserting that the Court's determination on the merits of his ineffective assistance of counsel claim overlooked or failed to rule on his particular arguments and then reasserting those arguments as grounds for habeas relief.

As a successive § 2255 petition, this Court does not have jurisdiction over the Motion without certification.  It appears that rather than denying the motion for lack of jurisdiction, the Court must transfer the Petition to the Tenth Circuit pursuant to 28 U.S.C. § 1631.[9]  It is therefore

ORDERED that the Motion to Alter, Set Aside, or Amend the Judgment under Rule 59(e) (Docket No. 17) is transferred to the Tenth Circuit Court of Appeals for authorization.

---

[8] *United States v. Pedraza*, 466 F.3d 932, 934 (10th Cir. 2006).

[9] *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (holding that "when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631"); *Nelson*, 465 F.3d at 1148 (holding that rule against court's recharacterizing a motion as a § 2255 petition without affording Petitioner notice of the risks associated with recharacterization and allowing an opportunity to withdraw the motion do not apply where Petitioner has previously filed a § 2255 motion).

The Clerk of the Court is directed to transfer this matter to the Tenth Circuit Court of Appeals.

    DATED   January 22, 2008.

                                BY THE COURT:

                                _____
                                TED STEWART
                                United States District Judge