IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DISTRICT

| | |
|---|---|
| DEVIN ESPINOZA,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER TRANSFERRING SUCCESSIVE § 2255 PETITION<br><br><br><br>Case No. 2:05-CV-217 TS |

Petitioner filed a Rule 60(b) Motion seeking relief from the denial of his § 2255 Motion to Vacate, Set Aside, or Correct his Sentence.

Petitioner's § 2255[1] Motion was denied on November 16, 2007. Petitioner filed a Motion To Alter, Set Aside, or Amend the Judgment under Rule 59(e) (Rule 59(e) Motion) and, a month later, also filed an appeal. This Court construed the Rule 59(e) Motion as a successive § 2255 Motion. Because Petitioner had not obtained the required authorization from the Tenth Circuit for the filing of his successive § 2255 motion, this Court transferred it to the Tenth Circuit Court of Appeals, which has exclusive jurisdiction

---

[1] 28 U.S.C. § 2255.

1

to certify a successive petition.[2]  The Tenth Circuit affirmed the denial of Petitioner's § 2255 Motion on May 8, 2008.   On June 13, 2008, the Tenth Circuit held that the Petitioner's Rule 59(e) motion was a successive petition and termed the matter because Petitioner had not sought or obtained the authorization required before he would be allowed to file a second or successive petition.

Petitioner now moves for relief under Fed. R. Civ. P. 60(b).  He argues that the certification requirement for a second or successive petition does not apply because he is not attacking the substance of the Court's decision to deny his § 2255 Motion on its merits, but instead, is challenging a perceived defect in the integrity of that decision.  In support, he relies on *Gonzalez v. Crosby*.[3]   As the Court noted in its prior Order Transferring Petitioner's Successive Motion, the Tenth Circuit has explained the *Gonzalez* ruling as follows:

> A Rule 60(b) motion is a second or successive § 2255 motion under *Gonzalez* if, in substance or effect, it asserts or reasserts a federal basis for relief from the sentence imposed.  On the other hand, a "true" Rule 60(b) motion is one that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings."  As we have interpreted *Gonzalez*, a true Rule 60(b) motion is one that challenges either (1) a procedural ruling that precluded a determination on the merits of the underlying habeas petition, or (2) a defect in the integrity of the proceedings in the federal district court that does not inextricably lead to an attack on a merits-based resolution of the underlying

---

[2] 28 U.S.C. § 1631 (providing that where there is a lack of jurisdiction, the court may, if it is in the interest of justice, transfer the action); 28 U.S.C. § 2255(h) (providing a second or successive motion must be certified by the appropriate court of appeals).

[3] 545 U.S. 524 (2005).

habeas petition.[4]

Petitioner argues that this Court applied the wrong standard to his ineffective assistance of counsel claim, an alleged error Petitioner argues constitutes "a defect in the integrity of the proceedings," within the meaning of the *Gonzalez* line of cases. Petitioner further argues that the 2005 Supreme Court decision in *United States v. Booker*,[5] significantly changed the well-known *Strickland*[6] standard and, therefore, this Court "misapplied the law when considering the level of prejudice in evaluation ineffective assistance."[7] He contends the Court's failure to apply the purported new standard is grounds for a "true" Rule 60(b) motion.

The Court does not agree. A successful challenge to the standard applied to Petitioner's claim of ineffective assistance of counsel would, in fact, "inextricably lead to an attack on a merits-based resolution of the underlying habeas petition." Thus, Petitioner's attempted challenge to the standard applied to this Court's determination on the merits of his claim of ineffective assistance "necessarily attacks the reason [this Court] denied the underlying § 2255 motion."[8] Therefore, the present Rule 60(b) Motion is not a

---

[4]*United States v. Marizcales-Delgadillo,* 243 Fed. Appx. 435, 437-38 (10th Cir. 2007) (quoting *Gonzalez*, 545 U.S. at 538, 532) (other citations omitted).

[5]543 U.S. 220 (2005).

[6]*Strickland v. Washington*, 466 U.S. 668 (1984).

[7]Pet.'s Mot. at 7.

[8]*Marizcales-Delgadillo,* 243 Fed. Appx. at 438 (finding a Rule 60(b)(6) motion to "be a 'true' 60(b) motion because it challenged a defect in the integrity of the district court proceedings without necessarily attacking the reason the district court denied the underlying § 2255 motion").

"true" Rule 60(b) motion within the meaning of *Gonzalez*.

Based on the foregoing, the Court construes Petitioner's Motion for Relief Under Fed. R. Civ. P. 60(b) as a § 2255 Motion and finds that it is a successive Motion. As such, this Court does not have jurisdiction over the Motion without certification.[9] However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.[10]

The Tenth Circuit has delineated the factors a Court should consider in whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.[11]

Considering these factors, it appears that Petitioner may be attempting to argue that the alleged change in the *Strickland* standard resulted in "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[12] However, if that is his argument, it must be addressed to the Tenth Circuit

---

[9]*In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008) (holding that a "district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization.").

[10]*See* 28 U.S.C. § 1631.

[11]*In re Cline*, 531 F.3d at 1251.

[12]28 U.S.C. § 2255(h)(2).

Court of Appeals as part of obtaining the required certification.[13]  Accordingly, the Court finds that it is in the interest of justice to transfer the Petition to the Tenth Circuit pursuant to 28 U.S.C. § 1631.  It is therefore

ORDERED that the Motion for Relief Under Fed. R. Civ. P. 60(b) (Docket No. 30) is transferred to the Tenth Circuit Court of Appeals for certification.  The Clerk of the Court is directed to transfer this matter to the Tenth Circuit Court of Appeals.

DATED   January 23, 2009.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[13] *Cline*, at 1251.